UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| LUTHER CARL YOUNG, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:10-CV-403 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Luther Carl Young, a *pro se* prisoner, filed a habeas corpus petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, Young was found guilty by a Disciplinary Hearing Body ("DHB") at Indiana State Prison of possessing an electronic device. (DE 1 at 1.) He was sanctioned with 30 days lost earned time credits. (*Id.*) After the DHB's guilty finding, the warden suspended Young's contact visitation pursuant to Administrative Procedure 02-01-102, determining that he posed a threat to the safety and security of the facility. (*Id.* at 8.)

Young raises three claims in his petition, all of which center around the restriction on contact visits imposed by the warden. (DE 1 at 3-5.) Because the contact visit restriction did not lengthen the duration of Young's confinement, he cannot challenge it in a habeas proceeding. *See Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). Young is essentially challenging the conditions of his confinement rather than the duration, and therefore 42 U.S.C. § 1983 would be

the proper vehicle for raising his claims. *Id*. at 650-51. Although Young is free to file a Section 1983 action, it would be fruitless for him to pursue this path because his claims have no merit.

In claims one and three, Young asserts that imposition of the contact visit restriction violated his due process rights because he was not found guilty of committing an offense in the visiting area itself. (DE 1 at 3-4.) However, the Due Process Clause does not protect against every change in the conditions of confinement having an adverse impact on a prisoner. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Instead, a prisoner is entitled to due process protections only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life.[1] *Id.* This is a high standard; even transferring a prisoner from the general population to a segregation unit does not present an "atypical, significant deprivation" and is "within the expected parameters of the sentence imposed by a court of law." *Id.* at 485. A restriction on contact visits is certainly less of a hardship then being placed in segregation. Furthermore, the Supreme Court has held that inmates have no independent due process right to visitation or to any particular form of visitation. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454 (1989) (inmates did not have due process liberty interest in visitation privileges); *Block v. Rutherford*, 468 U.S. 576, 589 (1984) ("[T]he Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators

---

[1] If Young were complaining about the loss of earned time credits imposed by the DHB, he would be entitled to due process protections. *See Wolff v. McDonnell*, 418 U.S. 539 (1974)). Young's claims, however, are focused entirely on the contact visit restriction imposed by the warden after the DHB's finding, and the sole remedy he seeks is that the "illegal sanction of non-contact visits be rescinded." (DE 1 at 7.)

have determined, in their sound discretion, that such visits will jeopardize the security of the facility."). Accordingly, Young's due process claims lack merit.

Young's remaining claim is that the warden violated double jeopardy principles by imposing the contact visit restriction on him after he had been sanctioned by the DHB for the same conduct. (DE 1 at 4.) There is, however, no restriction on multiple punishments in the prison disciplinary context. The Double Jeopardy Clause, applicable to the states through the Fourteenth Amendment, protects against a second prosecution for the same offense and multiple punishments for the same offense, but its scope is limited to criminal prosecutions. *Breed v. Jones*, 421 U.S. 519 (1975). Prison discipline does not constitute a "criminal prosecution" for double jeopardy purposes. *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996) (holding that an acquittal in an earlier prison disciplinary hearing did not bar a subsequent hearing to consider the same charge); *Garrity v. Fiedler*, 41 F.3d 1150, 1152–53 (7th Cir. 1994) (holding that prison disciplinary proceedings do not bar a subsequent criminal prosecution for the same offense). Accordingly, this claim also lacks merit.

For these reasons, the petition (DE 1) is DISMISSED pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

SO ORDERED.

ENTERED: November 15, 2010

                                                    s/William C. Lee
                                                    William C. Lee, Judge
                                                    United States District Court